UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M.E.A.C. ENGINEERING LTD,<br>2 ABA HILEL ST., APT. 5808<br>RAMAT GAN 5250601, ISRAEL<br><br>           Plaintiff,<br>v.<br><br>MEDELA, LLC<br>1101 CORPORATE DRIVE<br>MCHENRY, IL 60050<br><br>       AND<br><br>MEDELA HOLDING AG<br>LÄTTICHSTRASSE 4B BAAR<br>ZUG, 6340 SWITZERLAND<br><br>           Defendants | Civil Action No. 1:23-cv-14045 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MEAC Engineering LTD, by its undersigned counsel, alleges as follows for its Complaint against defendants Medela, LLC and Medela AG.

**THE NATURE OF THIS ACTION**

1. MEAC brings this action against Medela LLC and Medela AG pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patents No. 8,506,554 ("the '554 Patent) titled "Wound Closure and Drainage System" and U.S. Patent No. 8,858,534 (the '534 Patent) titled "Wound Closure and Drainage System." The '554 and '534 patents protect the inventions of Plaintiff in the area of Negative Pressure Wound Therapy (NPWT). Defendants have been made aware of the Patents-in-Suit but

have continued to infringe and have refused to cease its infringing actions, thereby necessitating this lawsuit.

## THE PARTIES

2. Plaintiff MEAC is an Israel corporation located at: 2 Aba Hilel St., Apt. 5808, Ramat Gan 5250601, Israel. MEAC is the owner of the patents-in-suit by assignment.

3. Defendant Medela LLC is located at 1101 Corporate Drive, McHenry, IL 60050. Medela LLC manufactures, uses, offers to sell and sells the accused products in the United States.

4. Defendant Medela AG is the parent company of Defendant Medela LLC and is located in ZUG Switzerland. Medela AG manufactures, uses, offers to sell and sells the accused products into the United States.

5. Defendants, and customers of Defendants, use the accused products to practice the claimed methods of the '554 patent in suit.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq*.

7. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question, and 28 U.S.C. §1332 diversity jurisdiction.

8. This Court has personal jurisdiction over Defendant Medela LLC because Defendant Medela LLC is located within and incorporated in this judicial district. This Court has personal jurisdiction over Defendant Medela AG, and venue is proper under 28 USC

§1391(c)(3), because Medela AG is a foreign corporation.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Upon information and belief, Defendant Medela LLC is located in this judicial district. Both Defendants are doing business in this judicial district, have committed acts of infringement and have regular and established places of business in this District and have employees conducting regular and established business in this judicial district.

## BACKGROUND AND GENERAL ALLEGATIONS

10. In 2005, Mr. Carmeli Adahan filed a patent application for his invention which advanced the treatment of would care. His inventive Negative Pressure Wound Treatment system was granted several US and international patents, including the patents-in-suit, 8,506,554 and 8,858,534. The patents claim devices which provide wound closure and drainage. The '554 patent also claims a method for treating wounds with negative pressure.

11. Defendants manufacture and sell products know generally as the Medela Invia NPWT Systems. The products include the Invia Liberty Negative Pressure Wound Therapy (NPWT) System, the Invia Motion NPWT System, The Invia NPWT Dressings & Kits, The Invia Integrated Dressing and the FitPad. The accused Medela Invia products infringe claims of the '554 and '534 patents.

12. On August 13, 2013, United States Patent No. 8,506,554 ("the '554 Patent"), entitled "Wound closure and drainage system" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '554 Patent claims patent-eligible subject matter and is valid and enforceable. MEAC is the exclusive owner by assignment of all rights, title, and

interest in the '554 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '554 Patent. Defendant is not licensed to the '554 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '554 patent whatsoever. A true and correct copy of the '554 Patent is attached hereto as **Exhibit A**.

14. On October 14, 2014, United States Patent No. 8,858,534 ("the '534 Patent"), entitled "Wound closure and drainage system" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '534 Patent claims patent-eligible subject matter and is valid and enforceable. MEAC is the exclusive owner by assignment of all rights, title, and interest in the '534 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '534 Patent. Defendant is not licensed to the '534 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '534 patent whatsoever. A true and correct copy of the '534 Patent is attached hereto as **Exhibit B**.

14. The '554 and '534 Patents are referred to herein as the "patents-in-suit."

15. Plaintiff MEAC is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## THE PATENTS

16. The claims of the '534 patent are directed to "a vacuum system for applying negative pressure to a wound" and to "a method for applying negative pressure to a wound." The '534 patent contains eighteen claims directed to the system and four claims directed to the method, Claim one of the '534 patent recites:

  1. A vacuum system for applying negative pressure to a wound, the vacuum system comprising: an enclosure, a venting arrangement, a tube, a vacuum source, and a controller:
  the enclosure being attachable to a periphery of the wound so as to define a confined volume;
  the enclosure having an enclosure outlet connectable to said vacuum source via said tube so that negative pressure can be selectively created in said volume;
  the venting arrangement comprising a flow restrictor to restrict flow through said venting arrangement and to thereby provide a controlled flow of ambient air into said vacuum system upstream of the vacuum source;
  the controller configured for controlling operation of the vacuum source while providing venting of the vacuum system via said venting arrangement to provide a desired level of said negative pressure in said confined volume.

  17. The '088 patent is directed to "an enclosure for applying negative pressure to a wound," "a disposable assembly for applying negative pressure to a wound" and "a vacuum system for applying a negative pressure to a wound." The '554 patent contains seven claims directed to the enclosure, four claims protecting the disposable assembly and eighteen claims reciting the vacuum system of the invention. Claim one of the '554 patent recites:

  1. An enclosure for applying negative pressure to a wound, the enclosure being attachable to the wound circumference so as to define a confined volume, and comprising
  a tube and a venting arrangement,
  the enclosure having an enclosure outlet connectable to a vacuum source via said tube so that negative pressure can be selectively created in said volume,
  said venting arrangement located outside said enclosure and comprising a flow restrictor to restrict flow through said venting arrangement located outside said enclosure and comprising a flow restrictor such that ambient air can enter said tube via said venting arrangement and flow to said vacuum source without having to enter said enclosure.

**INFRINGEMENT**

  18. Defendants manufacture and sell Negative Pressure Wound Therapy equipment, including the Medela Invia NPWT Systems and components. The Medela Invia NPWT Systems and components infringe claims of both the '554 and the '534 patents.

  19. Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to

directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '554 and the '534 Patents, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

20. Defendants also indirectly infringes the '554 and '534 patents by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '554 and '534 patents, including its customers throughout the United States. Defendants continue to induce infringement of the '554 and '534 patents. Defendants have contributorily infringed and continue to be contributory infringers under 35 U.S.C. §271(c) because, with knowledge of the '554 and '534 patents, they supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendants contribute to its customers' infringement because, with knowledge of the '554 and '534 patents, Defendants supply the technology that allows its customers to infringe the patents, including the method claims.

21. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants Accused Products directly infringe and when used according to Defendants' instructions for operation, indirectly infringe claims of the '554 and '534 Patents.

22. Attached as an Exhibit to the Complaint is claim chart demonstrating the correspondence of the operation of the accused products with elements of exemplary claims of the '554 and '534 patents.

23. Defendants and their customers have continued infringement.

24. The accused products satisfy the elements of the asserted claims:

'534 Claim 1 - **A vacuum system for applying negative pressure to a wound**,

 

the vacuum system comprising: an enclosure, a venting arrangement, a tube, a vacuum source, and a controller:



the enclosure being attachable to a periphery of the wound so as to define a confined volume;



the enclosure having an enclosure outlet connectable to said vacuum source via said tube so that negative pressure can be selectively created in said volume;



the venting arrangement comprising a flow restrictor to restrict flow through said venting arrangement and to thereby provide a controlled flow of ambient air into said vacuum system upstream of the vacuum source;

 **Dynamic Exudate Removal** utilizes the removal lumen to prevent blockages and dynamically adapt to fluid fluctuations by adjusting airflow cycles (up to 20 times per 5 mins), more accurately and efficiently removing fluid and innovating the standard of care.

**the controller configured for controlling operation of the vacuum source while providing venting of the vacuum system via said venting arrangement to provide a desired level of said negative pressure in said confined volume.**

> ✓ **Intelligent Pressure Control** utilizes the control lumen to ensure the prescribed pressure is delivered at the wound bed, meeting the standard of care.

25. Plaintiff is the owner of the '554 and '534 Patents-in-Suit.

26. Defendants have infringed, and continues to infringe, at least claims 1 - 29 of the '554 Patent and claims 1 - 22 of the '534 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, offering to sell, selling and/or importing into the United States, vacuum systems, enclosures, disposable assemblies that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendants continue to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendants continue to sell accused products inducing and contributing to infringement by others and also continue to perform infringing activity by performing the claimed method in the United States.

27. The Invia Liberty Negative Pressure Wound Therapy (NPWT) System is an infringing system and thus directly infringes '554 Claims 12-23 and 25-29 and '534 Claims 1-18.

The system includes a enclosure and thus directly infringes '544 Claims 1- 7 and 25. The system also includes a disposable assembly and thus directly infringes '554 Claims 8 - 11. The system is used to perform the method of Claims 19 - 22 of the '534 patent and thus directly and indirectly by inducement, infringes Claims 19-22 of the '534 patent.

28. The Invia Motion NPWT System, is an infringing system and thus directly infringes '554 Claims 12-23 and 25-29 and '534 Claims 1-18. The systems includes a enclosure and thus directly infringes '544 Claims 1- 7 and 25. The system also includes a disposable assembly and thus directly infringes '554 Claims 8 - 11. The system is used to perform the method of Claims 19 - 22 of the '534 patent and thus directly and indirectly by inducement, infringes Claims 19-22 of the '534 patent.

29. The Invia NPWT Dressings & Kits are infringing enclosures and thus directly infringe '554 Claims 1- 7 and 25. The Dressings and Kits also contribute to the infringement, as a material part of an infringing system, which is not a staple article of commerce and is incapable of substantial noninfringing use, and thus contributorily infringe '554 Claims 12-23 and 25-29 and '534 Claims 1-18. The Dressings and kits are also part of the disposable assembly and thus contributorily infringe '554 Claims 8-11.

30. The Invia Integrated Dressing and the FitPad are infringing enclosures and thus directly infringe '554 Claims 1- 7 and 25. The Dressings and FitPad also contribute to the infringement, as a material part of an infringing system, which is not a staple article of commerce and is incapable of substantial noninfringing use, and thus contributorily infringe '554 Claims 12-23 and 25-29 and '534 Claims 1-18. The Dressings and kits are also part of the disposable assembly and thus contributorily infringe '554 Claims 8-11.

31. The '534 patents is also infringed under 35 USC 271(a) when an accused product is "used" by one or more Defendants to perform the applying negative pressure method of claims 19 - 22 of the '534 patent; the '534 patent is infringed under 271(b) when one or more of the Defendants "induce" others to practice the claimed method; the '534 patent is infringed under 271(c) when one or more of the Defendants provides components for use by others in practicing the patented method.

32. Upon information and belief, Defendants have directly infringed one or more of claims of the '554 and '534 patents under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing accused products and/or by practicing the claimed method in the United States. Defendants continue to infringe claims of the '554 and '534 Patents.

33. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '554 and '534 patents under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

34. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '554 and '534 patents under 35 USC §271(c):

>(c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined to form an infringing product and/or used in practicing methods which infringe the claims of the '554 and '534 patents, thus contributing to the infringement of the '554 and '534 patents.

35. Defendants do not have a license or authority to use the '554 or the '534 Patent.

36. Defendants have been willfully infringing the '554 and '534 Patents since at least as early as they became aware of the patents-in-suit. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

37. As a result of Defendants' infringement of the '554 and '534 Patents, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## MEDELA LLC
## INFRINGEMENT OF U.S. PATENT NO. 8,506,554

38. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39. Defendant Medela LLC has infringed, and continues to directly infringe, at least claims 1 - 29 of the '554 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

41. Upon information and belief, Defendant Medela LLC has indirectly infringed one or more of the claims of the '554 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '554 patent, thus contributing to the infringement of the '554 patent.

39. Medela LLC does not have a license or authority to use the '554 Patent.

40. As a result of Medela LLC's infringement of the '554 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## MEDELA LLC
## INFRINGEMENT OF U.S. PATENT NO. 8,858,534

41. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39. Defendant Medela LLC has infringed, and continues to directly infringe, at least claims 1 - 29 of the '534 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States and by practicing the claimed method.

40. Upon information and belief, Defendant Medela LLC has indirectly infringed one or more of the claims of the '534 patents under 35 USC §271(b) by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

41. Upon information and belief, Defendant Medela LLC has indirectly infringed one or more of the claims of the '534 patent under 35 USC §271(c) by providing accused products,

and components and supplies, which are used as components of infringing systems and in practicing a patented process and which are used to practice methods which infringe the claims of the '534 patent, thus contributing to the infringement of the '534 patent.

39. Medela LLC does not have a license or authority to use the '534 Patent.

40. As a result of Medela LLC's infringement of the '534 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III
## MEDELA AG
## INFRINGEMENT OF U.S. PATENT NO. 8,506,554

48. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39. Defendant Medela AG has infringed, and continues to directly infringe, at least claims 1 - 29 of the '554 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

41. Upon information and belief, Defendant Medela AG has indirectly infringed one or more of the claims of the '554 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '554 patent, thus contributing to the infringement of the '554 patent.

39. Medela AG does not have a license or authority to use the '554 Patent.

40. As a result of Medela AG's infringement of the '554 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT IV
## MEDELA AG
## INFRINGEMENT OF U.S. PATENT NO. 8,858,534

55. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39. Defendant Medela AG has infringed, and continues to directly infringe, at least claims 1 - 29 of the '534 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States and by practicing the claimed method.

40. Upon information and belief, Defendant Medela AG has indirectly infringed one or more of the claims of the '534 patents under 35 USC §271(b) by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

41. Upon information and belief, Defendant Medela AG has indirectly infringed one or more of the claims of the '534 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems and in practicing a patented process and which are used to practice methods which infringe the claims of the '534 patent, thus contributing to the infringement of the '534 patent.

39. Medela AG does not have a license or authority to use the '534 Patent.

40. As a result of Medela AG's infringement of the '534 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

A. For a Judgment declaring that Medela LLC has infringed the '554 Patent.

B. For a judgment declaring that Medela LLC's infringement of the '554 Patent has been willful;

C. For a Judgment declaring that Medela LLC has infringed the '534 Patent.

D. For a judgment declaring that Medela LLC's infringement of the '534 Patent has been willful;

E. For a Judgment declaring that Medela AG has infringed the '554 Patent.

F. For a judgment declaring that Medela AG's infringement of the '554 Patent has been willful;

G. For a Judgment declaring that Medela AG has infringed the '534 Patent.

H. For a judgment declaring that Medela AG's infringement of the '534 Patent has been willful;

I. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining each of the Defendants from further acts of infringement;

J. For a judgment awarding Plaintiff compensatory damages as a result of each Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '554 and '534 Patents in an amount to be determined at trial;

K. For a judgement and order awarding a compulsory ongoing royalty;

L. For a judgment declaring that Defendants' infringement was willful and for enhancement of damages in accordance with 35 U.S.C. 284;

M. For a judgment declaring that this case is exceptional and awarding Plaintiff its

Complaint for Patent Infringement -16-

expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

  N. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

  O. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

  P. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

DATED: September 24, 2023      Respectfully submitted,

               /s/ Joseph J. Zito
               Joseph J. Zito
               WHITESTONE LAW
               1850 Towers Crescent Plaza, #550
               Tysons, Virginia 22182
               202-466-3500
               jzito@whitestone.law
               *Attorneys for Plaintiff*
               *MEAC Engineering LLC*